**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and CHARLES A. WHOBREY, as Trustee, )<br><br>*Plaintiffs,*<br><br>v.<br><br>SDT Trucking, Inc.,<br>an Illinois corporation,<br><br>*Defendant.* | Case No. 21-cv-6120<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund and Charles A. Whobrey, one of the Fund's present trustees, allege as follows:

**JURISDICTION AND VENUE**

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is a suit to recover employer contributions owed to the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund") by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Health and Welfare Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago,

TM: 608646 / 21110008 / 11/16/2021

Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Health and Welfare Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Health and Welfare Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 W. Higgins Rd in Chicago, Illinois.

5. The Health and Welfare Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health and Welfare Fund and paying the administrative expenses of the Health and Welfare Fund.

6. Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Health and Welfare Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Health and Welfare Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant SDT Trucking, Inc. ("SDT Trucking") is a corporation organized under the laws of the State of Illinois. SDT Trucking is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## **BACKGROUND INFORMATION**

8. Local Union No. 142 ("Local 142") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of SDT Trucking and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, SDT Trucking and Local 142 have been parties to a collective bargaining agreement pursuant to which SDT Trucking has been required to make contributions to the Health and Welfare Fund on behalf of certain of its covered employees.

10. SDT Trucking and Local 142 are also parties to a Participation Agreement which requires SDT Trucking to pay contributions to the Health and Welfare Fund.

11. SDT Trucking agreed to be bound by the terms of the Health and Welfare Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12. Under the Trust Agreement, SDT Trucking was required to "remit continuing and prompt contributions to the [Health and Welfare Fund] as required by the applicable collective bargaining agreement. . . ."

13. The Health and Welfare Fund's Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money prior to the entry of a judgment, shall be

3

computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Health and Welfare Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Health and Welfare Fund bills the employers for contributions.

## **STATUTORY AUTHORITY**

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

    Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

4

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

   In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

   (A)   the unpaid contributions,

   (B)   interest on the unpaid contributions,

   (C)   an amount equal to the greater of--

      (i)   interest on the unpaid contributions, or

      (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)   such other legal or equitable relief as the court deems appropriate.

   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

**STATUTORY AND CONTRACTUAL VIOLATIONS**

17. During the period of May 30, 2021 through October 9, 2021, SDT Trucking reported the work history of its covered employees to the Health and Welfare Fund.

18. SDT Trucking has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Health and Welfare

5

Fund based upon the employee work history reported to the Health and Welfare Fund by SDT Trucking for the period of May 30, 2021 through October 9, 2021,.

19. Despite demands that SDT Trucking perform its statutory and contractual obligations with respect to making contributions to the Health and Welfare Fund, SDT Trucking has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 18.

20. SDT Trucking owes the Health and Welfare Fund $18,761.87 for unpaid contributions (not including interest) for the period of May 30, 2021 through October 9, 2021, as a result of the conduct set forth in paragraph 18.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Health and Welfare Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Health and Welfare Fund through the date of judgment based upon the employee work history reported by Defendant;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorney's fees and costs.

TM: 608646 / 21110008 / 11/16/2021

      (b)      Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

      (c)      Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/Helen A. Lozano*
Helen A. Lozano (ARDC #6321032)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-582-5122
hlozano@centralstatesfunds.org
*ATTORNEY FOR PLAINTIFFS*

November 16, 2021